UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SARUNTHORN DHANAVARAPITAK,

    Plaintiff,

v.

BOB SAN, INC. and JIANN WEN BEE, individually,

    Defendants.

## COMPLAINT AT LAW

Plaintiff Sarunthorn Dhanavarapitak ("Plaintiff") (a/k/a "Tip"), by and through her attorneys, Siegel Law Group, Ltd., complains against Defendants Bob San, Inc. and Jiann Wen Bee, individually (collectively "Defendants"), as follows:

## NATURE OF ACTION

1. This is an action for damages caused by Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), for Defendants' failure to properly pay Plaintiff at the prevailing minimum wage for tipped employees.

2. Defendants' actions, described herein, constitute wage theft and gave Defendants an unfair competitive advantage over other law-abiding businesses.

## JURISDICTION AND VENUE

3. This Court has jurisdiction for the FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court may exercise supplemental jurisdiction over the state law claim pursuant to 29 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed within the state of Illinois, at Defendants' location in the city of Chicago. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff resides in and is domiciled in Chicago, Illinois.

6. Plaintiff was continuously employed by Defendants as an hourly server from in or around May 2014 until in or around June 2015.

7. At all times relevant to this action, Plaintiff was an "employee" of Defendants, as defined by the FLSA, 29 U.S.C. § 203(e)(1) and the IMWL, 820 Ill. Comp. Stat. 105/3(d).

8. Defendant Bob San, Inc. is an Illinois corporation. Prior to closing on or about August 8, 2015, it was engaged in the restaurant industry, and was engaged in an industry affecting interstate commerce.

9. Defendant Jiann Wenn Bee is President of Bob San, Inc. Defendant Wenn Bee is involved in the day-to-day business operations of Bob San. Among other things, Defendant Wenn Bee had the authority to, and did, hire and fire employee; direct and supervise the work of employees; sign on the Bob San's checking accounts, including payroll accounts; and makes or participates in decisions regarding employee compensation.

## FACTUAL ALLEGATIONS

10. Within the three (3) years preceding the filing of this Complaint, Plaintiff was employed by Defendants as a server.

11. Based upon the nature of her work and the manner in which she was paid, Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, or the IMWL, 820 Ill. Comp. Stat. 105/4 during the relevant time period.

12. On average, Plaintiff worked twenty-three (23) hours per week.

13. Plaintiff was entitled under the law to be paid at the prevailing minimum wage for all hours worked.

14. Plaintiff was paid solely in cash tips for all hours worked.

15. Defendants have not met the federal and state legal requirements to take a "tip credit" against the minimum wage for servers.

16. Defendants did not pay Plaintiff the prevailing server minimum wage for all hours worked.

17. Defendants failed to notify Plaintiff that her tips would be credited against the minimum wage.

18. Defendants were aware of their obligations to pay non-exempt hourly employees, including Plaintiff, at a rate either equal to or exceeding the minimum wage, and intentionally chose not to pay the Plaintiff accordingly.

19. Defendants' failure to pay Plaintiff an hourly wage for all hours worked is a violation of both the FLSA and IMWL.

## COUNT I – FAIR LABOR STANDARDS ACT

20. Plaintiff incorporates each of the preceding paragraphs as though fully set forth herein.

21. Pursuant to 29 U.S.C. § 206, Plaintiff worked for Defendants as a non-exempt server, and was entitled to be compensated at the minimum wage rate for each hour worked.

22. Defendants failed to compensate Plaintiff at the applicable minimum wage rate for each hour worked, in violation of the FLSA.

23. Defendants knew about their obligations under the FLSA, and deliberately chose not to heed them. Thus, Defendants' failure to pay overtime is an intentional violation of the FLSA.

24. As a direct and proximate result, Plaintiff is owed back wages and liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff Sarunthorn Dhanavarapitak respectfully requests that this Court enter judgment in her favor and enter an Order as follows:

(a) Awarding back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint to the present, according to the applicable statute of limitations for willful violations of the FLSA;

(b) Awarding liquidated damages equal to the amount of unpaid wages pursuant to 29 U.S.C. § 216(b);

(c) Awarding prejudgment interest, reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) Awarding Plaintiff such further and additional relief as the Court may deem just and proper.

## COUNT II – ILLINOIS MINIMUM WAGE LAW

25. Plaintiff incorporates each of the preceding paragraphs as though fully set forth herein.

26. The matters set forth in this Count arise from Defendants' violations of the minimum wage provisions of the IMWL, 820 Ill. Comp. Stat. 105/4.

27. At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/3(d).

28. At all relevant times, Defendants were "employers" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

29. At all relevant times, Plaintiff was not paid proper minimum wages under the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, during her employment with Defendants.

30. Instead, Defendants paid Plaintiff, as a server, entirely in cash tips.

31. Pursuant to 820 Ill. Comp. Stat. 105/4, Plaintiff was entitled to be compensated at the applicable State minimum wage rate for all hours worked.

32. Defendants' conduct in failing to pay Plaintiff the minimum wage and inappropriate claiming of the "tip credit," as set forth above, violates the IMWL.

33. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiff is entitled to recover unpaid wages earned in the three (3) years prior to the filing of the Complaint in the instant matter, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff Sarunthorn Dhanavarapitak respectfully requests that this Court enter an order as follows:

a) Awarding judgment in an amount equal to all unpaid wages owed to Plaintiff pursuant to the IMWL;

b) Awarding prejudgment interest on the unpaid wages in accordance with 815 ILL. COMP. STAT. 205/2;

c) Awarding statutory damages of 2% per month pursuant to the formula set forth in 820 ILL. COMP. STAT. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

Dated: August 31, 2015 　　　　　　　　　　　　Respectfully submitted,

Bradley Manewith, #6280535 　　　　　　　　SARUNTHORN DHANAVARAPITAK
Anne K. Schmidlin, #6313916
Siegel Law Group Ltd.
150 North Wacker Drive
Suite 1100 　　　　　　　　　　　　　　　　By: /s/ Bradley Manewith
Chicago, IL 60606 　　　　　　　　　　　　　　　Attorney for Plaintiff
Tel. (312) 878-3210
Fax (312) 878-3211